IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 16-0058-WS |
| | ) | |
| JEROME MEGAILE HENRY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the Court on the defendant's motion to suppress. (Doc. 19). The government has filed a response, (Doc. 23), the defendant declined the opportunity to file a reply, (Doc. 20), and the motion is ripe for resolution.

The defendant was a passenger in a vehicle pulled over by two Alabama Beverage Control agents for failing to stop and signal before making a turn. One thing led to another, resulting in the discovery of the incriminating evidence made the subject of the instant motion. The defendant's sole argument is that the agents "lacked the jurisdictional authority [under Alabama law] to patrol for traffic violations," (Doc. 19 at 2), a position he supports with various textual arguments drawn from the Alabama Code. (*Id*. at 2-4). He concludes that "[t]he traffic stop in this case was illegal, and violated the Defendant's Fourth Amendment right to be free from illegal search and seizure." (*Id*. at 4-5). The government disputes the defendant's reading of Alabama law but deems it a moot point because a state-law violation does not constitute a Fourth Amendment violation. (Doc. 23 at 2). The Court agrees.

"[T]here is another premise essential to [the arrestee's] conclusion which is not correct, and it is the proposition that an arrest supported by probable cause in circumstances where arrest is not permitted under state law violates the Fourth Amendment." *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002). "The Supreme Court has held that a traffic stop is reasonable under the Fourth Amendment when

supported by probable cause or reasonable suspicion even if it is inconsistent with agency policy … or state law ….." *United States v. House*, 684 F.3d 1173, 1206 (11th Cir. 2012). Thus, "the district court erred in instructing the jury that a traffic stop is unreasonable under the Fourth Amendment whenever conducted by a law enforcement officer acting without jurisdiction or authority." *Id*. at 1184; *accord United States v. Goings*, 573 F.3d 1141, 1142 (11th Cir. 2009) ("[T]he district court correctly found that, under the Supreme Court's decision in [*Virginia v.*] *Moore*[, 553 U.S. 164 (2008)], it was irrelevant for purposes of the Fourth Amendment whether Going's arrest violated state law, so long as it was supported by probable cause."); *Ducre v. Archer*, ___ Fed. Appx. ___, 2016 WL 3006843 at *1 (11th Cir. 2016) ("[B]oth the Supreme Court and this Court have recognized that such state law limitations on an officer's arrest authority are not incorporated into the Fourth Amendment."); *Peterson v. Crawford*, 268 Fed. Appx. 879, 881 (11th Cir. 2008) ("[W]e do not agree that the existence of probable cause is negated by a lack of authority to arrest.").

The defendant does not claim that the traffic stop was unsupported by probable cause or reasonable suspicion. Therefore, even if the agents acted beyond their state authority, the stop did not violate the Fourth Amendment.

For the reasons set forth above, the defendant's motion to suppress is **denied**.

DONE and ORDERED this 22nd day of August, 2016.

s/ WILLIAM H. STEELE<br>
CHIEF UNITED STATES DISTRICT JUDGE