IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 16-0058-WS |
| | ) | |
| JEROME MEGAILE HENRY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On August 9, 2016, the defendant filed a motion to suppress. (Doc. 19). The Court entered an order requiring the government to respond by August 16 and for the defendant to file any reply by August 21. (Doc. 20). The government filed a response, (Doc. 23), but the defendant filed no reply. On August 22, the Court entered an order denying the motion to suppress on its merits. (Doc. 25).

Nine hours later, at 11:38 p.m. on August 22, without any advance notice of his intentions, the defendant filed what he labels his "reply to government's response to defendant[']s motion to dismiss." (Doc. 26). Because the deadline for filing a reply had already passed, and because the Court had already resolved the motion, this filing came too late to be considered. Even had the defendant's reply been timely filed, it could not salvage his motion to suppress.

The Court denied the defendant's motion because, under Supreme Court and Eleventh Circuit precedent, a traffic stop supported by probable cause or reasonable suspicion does not violate the Fourth Amendment simply because the involved officer exceeds his state-law authority in making the stop. The defendant ignores all the precedents cited and quoted by the Court and instead repairs to two trial court decisions that are from outside the Eleventh Circuit and that were released prior to the 2008 Supreme Court decision on which the Eleventh Circuit precedents rely. Accordingly, the defendant's cases are neither controlling nor persuasive.

[1]

The defendant suggests there is a constitutional difference between an officer acting beyond his geographic jurisdiction and one acting beyond his subject matter jurisdiction. (Doc. 26 at 8). He identifies no authority recognizing such a distinction, which is unsupported by the cases cited by the Court. In *Virginia v. Moore*, 553 U.S. 164 (2008), for example, two officers arrested the defendant for driving on a suspended license even though arrest for such an offense was "prohibited by state law." *Id*. at 166-67. Even though the officers had no state authority to arrest the defendant regardless of their location, their doing so did not violate the Fourth Amendment because the arrest was supported by probable cause. *Id*. at 176.

Similarly, in *Knight v. Jacobson*, 300 F.3d 1272 (11th Cir. 2002), Florida law "authorize[d] warrantless arrests for misdemeanors only if they are committed in the officer's presence," so the defendant in this Section 1983 action lacked state authority when he arrested the plaintiff for a misdemeanor assault he did not witness. *Id*. at 1276. Nevertheless, it was "not correct" for the plaintiff to assert that "an arrest supported by probable cause in circumstances where arrest is not permitted under state law violates the Fourth Amendment." *Id*. Likewise, when the defendant in a Section 1983 action arrested the plaintiff without state authority to do so, "such state law limitations on an officer's arrest authority are not incorporated into the Fourth Amendment." *Ducre v. Archer*, ___ Fed. Appx. ___, 2016 WL 3006843 at *1 (11th Cir. 2016).

In *Bowling v. Rector*, 584 F.3d 956 (10th Cir. 2009), the Section 1983 defendant (like the officers here, at least in the defendant's estimation) was a "limited-authority officer [who] acted outside his jurisdiction over particular subject matters under state law." *Id*. at 967.[1] The Court concluded, based on *Moore* and two Tenth Circuit cases, "that for Fourth Amendment purposes, the conduct of officers acting in excess of their statutory authority must be tested by Fourth Amendment standards." *Id*. at 968. Because the warrant obtained by the defendant was valid under the Fourth Amendment,

---

[1] Specifically, the defendant was a "Ranger," authorized to enforce state laws regarding larceny of farm animals, equipment and supplies, who sought, obtained and executed a search warrant to investigate bank fraud and the sale of mortgaged property. 584 F.3d at 960-62, 965.

[2]

"[w]hether or not [the defendant's] alleged conduct in seeking the warrant violated Oklahoma law, it did not violate [the plaintiff's] constitutional rights." *Id*. at 970.[2]

For the reasons set forth above and in the Court's previous order, the defendant's reply, construed as a motion for reconsideration, is **denied**.

DONE and ORDERED this 23rd day of August, 2016.

                                                s/ WILLIAM H. STEELE
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The same principle applied equally in the associated criminal case. *United States v. Bowling*, 619 F.3d 1175, 1186 (10th Cir. 2010).